UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ELIZABETH FLINT                           Docket: 1:20-cv-00572
                                          (WFK)(LB)
                    Plaintiff,
        -against-
                                          **AMENDED COMPLAINT**
MAC 57 PRODUCTS, INC.
                                          **JURY TRIAL REQUESTED**
                    Defendant.
------------------------------------------------------------------------x

## AMENDED COMPLAINT

Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, plaintiff Elizabeth Flint (hereafter referred to as "plaintiff"), by counsel, Parker Hanski LLC, hereby amends the Complaint, as a matter of right, as to Peter Procops and Patricia Procops who have not yet appeared or answered this action by dropping all claims in this action against Peter Procops and Patricia Procops. Plaintiff hereby amends the Complaint and alleges as follows:

### NATURE OF THE CLAIMS

1.  This lawsuit opposes pervasive, ongoing and inexcusable disability discrimination by the defendant. In this action, plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorney's fees, costs and expenses to redress defendant's unlawful disability discrimination against plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, the New York State Executive Law (the "Executive Law"), § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107. As explained more fully below, defendant owns, leases, operates and controls a place of public accommodation that violates the above-mentioned laws. Defendant is vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

1

2. This defendant made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught. In so doing, defendant made a calculated, but unlawful, decision that disabled customers are not worthy. The day has come for defendant to accept responsibility. This action seeks to right that wrong via recompensing plaintiff and making defendant's place of public accommodation fully accessible so that plaintiff can finally enjoy the full and equal opportunity that defendant provides to non-disabled customers.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's rights under the ADA. The Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendant's acts of discrimination alleged herein occurred in this district and defendant's place of public accommodation that is the subject of this action is located in this district.

## PARTIES

5. At all times relevant to this action, plaintiff Elizabeth Flint has been and remains currently a resident of the State and City of New York.

6. At all times relevant to this action, plaintiff Elizabeth Flint has been and remains a wheelchair user. Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

7. At all relevant times, defendant Mac 57 Products, Inc. operates and/or leases property located at 2141 Mott Avenue in Queens County, New York (hereinafter referred to as "2141 Mott Avenue").

8. Defendant Mac 57 Products, Inc. is licensed to and does business in New York State.

9. At all relevant times, defendant Mac 57 Products, Inc. operates a McDonald's restaurant located at 2141 Mott Avenue (hereinafter referred to as the "McDonald's" premises).

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. The defendant is a public accommodation as it owns, leases, controls or operates a place of public accommodation, the McDonald's premises located at 2141 Mott Avenue, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)).

11. The McDonald's premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

12. Numerous architectural barriers exist at defendant's place of public accommodation that prevent and/or restrict access to plaintiff, a person with a disability.

13. Upon information and belief, 2141 Mott Avenue was designed and constructed for first possession after January 26, 1993.

14. Upon information and belief, at some time after January 1992, defendant made alterations to 2141 Mott Avenue, including areas adjacent and/or attached to 2141 Mott Avenue.

15. Upon information and belief, at some time after January 1992, defendant made alterations to the McDonald's premises, and to areas of 2141 Mott Avenue related to the McDonald's premises.

16. Within the past three years of filing this action, plaintiff attempted to and desired to access the McDonald's premises.

17. The services, features, elements and spaces of defendant's place of public accommodation are not readily accessible to, or usable by plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design ("1991 Standards") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design ("2010 Standards").

18. Because of defendant's failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, plaintiff was and has been unable to enjoy safe, equal and complete access to defendant's place of public accommodation.

19. Defendant's place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the Administrative Code, the Building Code of the City of New York ("BCCNY"), or the 2014 New York City Construction Code ("2014 NYC").

20. Barriers to access that plaintiff encountered and/or which deter plaintiff from patronizing the defendant's place of public accommodation as well as barriers that exist include, but are not limited to, the following:

Parking:

I. There is no accessible route from the attempted accessible parking spaces and access aisle to a public entrance. See below.
*Defendant fails to provide an accessible route within the site from accessible parking and accessible passenger loading zones to the building entrance. See 1991 Standards 4.1.2(1), 2010 Standards 206.2.1, and 2014 NYC 1104.1.*

II. The curb ramp near the attempted accessible parking spaces and access aisle has flairs that are steeper than 1:10.
*Defendant fails to provide accessible curb ramps with flares not be steeper than 1:10. See 1991 Standards 4.7.5, 2010 Standards 406.3, and 2014 NYC 406.3.*

III. The curb ramp near the attempted accessible parking spaces and access aisle lacks a level top landing.
*Defendant fails to provide accessible curb ramps with the required landings at the tops. See 1991 Standards 4.7.5, 2010 Standards 406.4, and 2014 NYC 406.4.*

IV. The closets curb ramp from the attempted accessible parking spaces and access aisle to the nearest public entrance is not on the shortest possible route. The curb ramp is behind the attempted accessible parking spaces and access aisle and the nearest public entrance is in front of the attempted accessible parking spaces and access aisle.
*Defendant fails to provide accessible parking spaces located on the shortest accessible route to an accessible entrance. See 1991 Standards 4.6.2, 2010 Standards 208.3.1, and 2014 NYC1106.6.*

Public Entrances:

V. The public entrances are not accessible. See below.
*Defendant fails to provide that at least 50% of all its public entrances are accessible. See 1991 Standards 4.1.3.8(a)(i).*
*Defendant fails to provide that at least 60% of all its public entrances are accessible. See 2010 Standards 206.4.1.*
*Defendant fails to provide that all its public entrances are accessible. See 2014 NYC 1105.1.*

VI. The parking side public entrance doorway lacks maneuvering clearances at the pull side of the door due to a curb. Furthermore, the walkway perpendicular to the door slopes.
*Defendant fails to provide an accessible door with level maneuvering clearances. See 1991 Standards 4.13.6, 2010 Standards 404.2.4, and 2014 NYC 404.2.3.*

VII.     The street side public entrance doorway lacks maneuvering clearances at the pull side of the door due to the walkway perpendicular to the door which slopes.
*Defendant fails to provide an accessible door with level maneuvering clearances. See 1991 Standards 4.13.6, 2010 Standards 404.2.4, and 2014 NYC 404.2.3.*

Seating:

*VIII.*   There are no accessible tables in the dining area. See below.
*Defendant fails to provide that at least 5% of the dining surfaces provided to customers are accessible. See 1991 Standard 5.1, 2010 Standards 226.1, and 2014 NYC 1109.10.*

IX.      All the tables have pedestals that obstruct a clear floor space for a forward approach. All the booths lack a clear floor space for a forward approach that does not project into the circulation route.
*Defendant fails to provide a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance at accessible table surfaces. See 1991 Standards 4.32.2 and 4.32.3, 2010 Standards 902.2, and 2014 NYC 902.2.*

Toilet Room:

X.       The toilet room is not accessible. See below.
*Defendant fails to provide accessible toilet facilities. See 1991 Standards 4.1.3(11), 2010 Standards 213.1, and 2014 NYC 1109.2.*

XI.      The toilet room doorway lacks maneuvering clearances at the pull side of the door due to a trash receptacle.
*Defendant fails to provide an accessible door with level maneuvering clearances. See 1991 Standards 4.13.6, 2010 Standards 404.2.4, and 2014 NYC 404.2.3.*

XII.     The privacy latch on the toilet compartment door at the toilet room is outside of an accessible reach range.
*Defendant fails to provide operable parts within an accessible reach range. See 1991 Standards 4.2.6, 2010 Standards 308.3.1, and 2014 NYC 308.3.1.*

XIII.    The toilet room lacks an accessible water closet. See below.
*Defendant fails to provide at least one accessible water closet within accessible toilet and bathing facilities. See 1991 Standards 4.23.4, 2010 Standards 213.3.2, and 2014 NYC 1109.2.*

XIV.     The water closet in the toilet compartment at the toilet room is located more than 18" from the side wall.

*Defendant fails to provide an accessible standard water closet positioned with the centerline of the water closet 16 inches minimum to 18 inches maximum from the side wall or partition. See 1991 Standards 4.16.2, 2010 Standards 604.2, and 2014 NYC 604.2.*

XV. The water closet in the toilet compartment at the toilet room lacks compliant grab bars.
*Defendant fails to provide an accessible water closet with a vertical side wall grab bar. See 2014 NYC 604.5.1.*

XVI. The water closet in the toilet compartment at the toilet room has the toilet paper dispenser in the incorrect location.
*Defendant fails to provide an accessible water closet with a toilet paper dispenser that is located 7 inches minimum and 9 inches maximum in front of the water closet measured to the centerline of the dispenser. See 2010 Standards 604.7; and 2014 NYC 604.7.*

XVII. The toilet room lacks an accessible lavatory. See below.
*Defendant fails to provide at least one accessible lavatory within accessible toilet and bathing facilities. See 1991 Standards 4.23.6, 2010 Standards 213.3.4, and 2014 NYC 1109.2.*

XVIII. The lavatory in the toilet room lacks protected hot water and drain pipes.
*Defendant fails to provide accessible lavatories and/or sinks with water supply and drain pipes that are insulated or otherwise configured to protect against contact. See 1991 Standards 4.19.4, 2010 Standards 606.5, and 2014 NYC 606.6.*

XIX. The toilet room lacks an accessible mirror. See below.
*Defendant fails to provide at least one accessible mirror within accessible toilet and bathing facilities. See 1991 Standards 4.23.6, 2010 Standards 213.3.5, and 2014 NYC 1109.2.*

XX. The mirror at toilet room has a bottom edge of the reflecting surface more than 40 inches above the finish floor.
*Defendant fails to provide an accessible mirror (when located above lavatories or countertops) that is installed with the bottom edge of the reflecting surface 40 inches maximum above the finish floor within accessible toilet and bathing facilities. See 1991 Standards 4.19.6, 2010 Standards 603.3, and 2014 NYC 603.3.*

Sales and Service Counters:

XXI. The order counter is not accessible. See below.

> *Defendant fails to provide that at least one of each type of sales and/or service counter is accessible. See 1991 Standards 7.2(1), 2010 Standards 227.3, and 2014 NYC 1109.12.3.*

XXII. The order counter is less than 36 inches long between POS machines and cash registers.
*Defendant fails to provide an accessible portion of counter that is no greater than 36 inches above the finish floor and no less than 36 inches in length (and extends the same depth as the general sales and/or service counter) at accessible sales and/or service counters. See 1991 Standards 7.2(1), 2010 Standards 904.4, and 2014 NYC 904.3.*

XXIII. The ATM lacks a clear floor space for a forward approach due to the storage location of safety cones and high chairs.
*Defendant fails to provide a sufficient clear floor space of 30 inches by 48 inches for either a parallel or forward approach at accessible ATM's. See 2010 Standards 707.2 and 2014 NYC 707.2.*

<u>Public Exits:</u>

*XXIV.* The public exits, which are also the public entrances, are not accessible as described above.
*Defendant fails to provide accessible means of egress in the number required by the code. See 1991 Standards 4.1.3(9), 2010 Standards 207.1, and 2014 NYC 1007.1.*

21. Upon information and belief, a full inspection of the defendant's place of public accommodation will reveal the existence of other barriers to access.

22. As required by the ADA (remedial civil rights legislation) to properly remedy defendant's discriminatory violations and avoid piecemeal litigation, plaintiff requires a full inspection of the defendant's public accommodation in order to catalogue and cure all of the areas of non-compliance with the ADA. Notice is therefore given that plaintiff intends on amending the Amended Complaint to include any violations discovered during an inspection that are not contained in this Amended Complaint.

23. Defendant has denied plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

24. Defendant has not satisfied its statutory obligation to ensure that its policies, practices, procedures for persons with disabilities are compliant with the laws. Nor has defendant made or provided reasonable accommodations or modifications to persons with disabilities.

25. Plaintiff has a realistic, credible and continuing threat of discrimination from the defendant's non-compliance with the laws prohibiting disability discrimination. The barriers to access within defendant's place of public accommodation continue to exist and deter plaintiff.

26. Plaintiff frequently travels to the area where defendant's place of public accommodation is located.

27. Plaintiff intends to patronize the defendant's place of public accommodation several times a year after it becomes fully accessible.

28. Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether defendant's place of public accommodation is fully accessible.

29. Plaintiff intends to patronize the defendant's place of public accommodation several times a year as "tester" to monitor, ensure, and determine whether defendant's place of public accommodation is fully accessible.

## FIRST CAUSE OF ACTION
(**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**)

30. Plaintiff realleges and incorporates by reference all allegations set forth in this Amended Complaint as if fully set forth herein.

31. Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct and

proximate result of plaintiff's disability, plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

33. The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

33. Under the ADA, both the property owner and lessee are liable to the plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement). 28 C.F.R. 36.201(b).

34. Defendant has and continue to subject plaintiff to disparate treatment by denying plaintiff full and equal opportunity to use their place of public accommodation all because plaintiff is disabled. Defendant's policies and practices have disparately impacted plaintiff as well.

35. By failing to comply with the law in effect for decades, defendant has articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of their public accommodation.

36. Defendant has discriminated against the plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

37. Defendant's place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

38. Upon making alterations to their public accommodation, defendant failed to make their place of public accommodation accessible to plaintiff to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

39. Upon making these alterations to the primary function areas, defendant failed to make the paths of travel to the primary function areas accessible to plaintiff, in violation of 28 C.F.R. § 36.403.

40. 28 C.F.R. § 36.406(5) requires defendant to make the facilities and elements of their noncomplying public accommodation accessible in accordance with the 2010 Standards.

41. Defendant failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make defendant's place of public accommodation fully accessible.

42. By failing to remove the barriers to access where it is readily achievable to do so, defendant has discriminated against plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

43. In the alternative, defendant has violated the ADA by failing to provide plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

44. Defendant's failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

45. Defendant has and continue to discriminate against plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

46. Plaintiff realleges and incorporates by reference all allegations set forth in this Amended Complaint as if fully set forth herein.

47. Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in plaintiff; in particular, the life activities of both walking and body motion range. Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

48. Defendant has and continue to subject plaintiff to disparate treatment by denying plaintiff equal opportunity to use their place of public accommodation all because plaintiff is disabled.

49. Defendant discriminated against plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.

50. Defendant has failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

51. In the alternative, defendant has failed to provide plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

52. It would be readily achievable to make defendant's place of public accommodation fully accessible.

53. It would not impose an undue hardship or undue burden on defendant to make their place of public accommodation fully accessible.

54. As a direct and proximate result of defendant's unlawful discrimination in violation of New York State Executive Law, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

55. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)

56. Plaintiff realleges and incorporates by reference all allegations set forth in this Amended Complaint as if fully set forth herein.

57. Plaintiff suffers from various medical conditions that separately and together, impair plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus plaintiff has a disability within the meaning of the Administrative Code § 8-102(16).

58. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 (emphasis added). The Restoration Act is to be construed broadly in favor of plaintiff to the fullest extent possible.

59. Defendant has and continue to subject plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the Administrative Code § 8-107(4).

60. Defendant has discriminated, and continue to discriminate, against plaintiff in violation of the Administrative Code § 8-107(4) by designing, creating and/or maintaining an inaccessible commercial facility/space.

61. Defendant has subjected, and continue to subject, plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the Administrative Code § 8-107(4).

62. In violation of Administrative Code § 8-107(6), defendant has and continue to, aid and abet, incite, compel or coerce each other in each of the other defendant's attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the Administrative Code.

63. Defendant discriminated against plaintiff in violation of the Administrative Code, § 8-107(4), by maintaining and/or creating an inaccessible public accommodation.

64. As a direct and proximate result of defendant's unlawful discrimination in violation of the Administrative Code, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

65. Upon information and belief, defendant's long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to plaintiff's rights under the Administrative Code.

66. By failing to comply with the law in effect for decades, defendant has articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of their public accommodation.

67. Defendant engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which plaintiff is entitled to an award of punitive damages pursuant to Administrative Code § 8-502.

68. By refusing to make their place of public accommodation accessible, defendant has unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space. Defendant's unlawful profits plus interest must be disgorged.

69. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

70. Plaintiff realleges and incorporates by reference all allegations set in this Amended Complaint as if fully set forth herein.

71. Defendant discriminated against plaintiff pursuant to New York State Executive Law.

72. Consequently, plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

73. Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## **INJUNCTIVE RELIEF**

74. Plaintiff will continue to experience unlawful discrimination as a result of defendant's failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order defendant to alter and modify their place of public accommodation and their operations, policies, practices and procedures.

75. Injunctive relief is also necessary to make defendant's facilities readily accessible to and usable by plaintiff in accordance with the above-mentioned laws.

76. Injunctive relief is further necessary to order defendant to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, Executive Law and the Administrative Code.

## **DECLARATORY RELIEF**

77. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendant against plaintiff and as to required alterations and modifications to defendant's place of public accommodation, facilities, goods and services, and to defendant's policies, practices, and procedures.

## **ATTORNEY'S FEES, EXPENSES AND COSTS**

78. In order to enforce plaintiff's rights against the defendant, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and

the Administrative Code.  42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendant, jointly and severally, in favor of plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that defendant has violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendant's place of public accommodation, and defendant's policies, practices and procedures;

B.  Issue a permanent injunction ordering **defendant to close and cease all business** until defendant removes all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above;

C.  Retain jurisdiction over the defendant until the Court is satisfied that the defendant's unlawful practices, acts and omissions no longer exist and will not reoccur;

D.  Award plaintiff compensatory damages as a result of defendant's violations of New York State Executive Law and the Administrative Code of the City of New York;

E.  Award plaintiff punitive damages in order to punish and deter the defendant for their violations of the Administrative Code of the City of New York;

F.  Award plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G. Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

H. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

I. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: April 22, 2020
New York, New York

Respectfully submitted,

**PARKER HANSKI LLC**

By: /s
Glen H. Parker, Esq.
Adam S. Hanski, Esq.
Robert G. Hanski, Esq.
Attorneys for Plaintiff
40 Worth Street, 10th Floor
New York, New York 10013
Telephone: (212) 248-7400
Facsimile: (212) 248-5600
Email:ash@parkerhanski.com
Email:ghp@parkerhanski.com
Email:rgh@parkerhanski.com